**GUANG LIANG LI, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 05–5978–AG NAC.

United States Court of Appeals, Second Circuit.

May 26, 2006.

Gary J. Yerman, New York, NY, for Petitioner.

Mary Beth Buchanan, United States Attorney, Philip P. O'Connor, Jr., Assistant United States Attorney, Pittsburgh, PA, for Respondent.

Present GUIDO CALABRESI, ROSEMARY S. POOLER, B.D. PARKER, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the order of the Board of Immigration Appeals ("BIA"), IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED.

Petitioner Guang Liang Li petitions for review of an order of the BIA affirming the decision of Immigration Judge ("IJ") Alan Page, ordering his removal to China and denying his applications for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the facts and procedural history of the case.

This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Before denying a claim solely based on an applicant's failure to provide corroborating evidence, the agency must "explain specifically, either in its decision or otherwise in the record: (1) why it is reasonable under the BIA's standards to

expect such corroboration; and (2) why [the applicant's] proffered explanations for the lack of such corroboration are insufficient." *Diallo v. INS*, 232 F.3d 279, 290 (2d Cir.2000). This requirement applies, specifically, when the agency cites inadequate corroboration as a basis for denying relief to an applicant who is otherwise credible. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 164 (2d Cir.2006).

The BIA's finding as to lack of corroboration was supported by substantial evidence. In satisfaction of the first prong of *Diallo*, the BIA explained why it was reasonable to expect corroboration from the people in the United States with whom Li practiced Falun Gong. In regard to the second prong of *Diallo*, the BIA found that Li's explanation regarding his ability to provide these corroborating statements was implausible. Although the transcript indicates that Li's explanation for his failure to offer corroboration from these people was indiscernible, the IJ states in his oral opinion that Li's explanation for the lack of corroboration was that the U.S. Falun Gong practitioners were "too busy," and counsel for Li does not contest this characterization of Li's testimony in his brief. Based on Li's explanation, it is not clear that any reasonable adjudicator would be compelled to conclude that the reasons for Li's inability to provide corroborating statements were sufficient.

Because Li was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003). Li failed to challenge the IJ's CAT finding in his appeal to the BIA or this Court, and has, therefore, waived his CAT claim. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

Accordingly, it is ORDERED that the petition for review is hereby DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).