Xinshui v. Garland

BIA
Kolbe, IJ
A208 418 047

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of September, two thousand twenty-three.

PRESENT: REENA RAGGI,
RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
*Circuit Judges.*

------------------------------------------------------------------

LI XINSHUI,

*Petitioner*,

v.                                                    No. 21-6171-ag

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

*Respondent.*

------------------------------------------------------------------

**FOR PETITIONER:** GARY J. YERMAN, New York, NY

**FOR RESPONDENT:** DUNCAN T. FULTON, Trial Attorney, Office of Immigration Litigation (Mary Jane Candaux, Assistant Director, *on the brief*), *for* Brian M. Boynton, Acting Assistant Attorney General, United States Department of Justice, Washington, DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals (BIA) decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Li Xinshui, a native and citizen of the People's Republic of China, seeks review of a March 2, 2021 decision of the BIA affirming an August 17, 2018 decision of an Immigration Judge (IJ), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). *In re Li Xinshui*, No. A208 418 047 (B.I.A. Mar. 2, 2021), *aff'g* No. A208 418 047 (Immigr. Ct. N.Y.C. Aug. 17, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

In the circumstances of this case, where the BIA adopts the IJ's reasoning and offers some additional commentary, we review both the BIA's and IJ's opinions. *See, e.g.*, *Wei Sun v. Sessions*, 883 F.3d 23, 27 (2d Cir. 2018); *Yan Juan Chen v. Holder*, 658 F.3d 246, 251 (2d Cir. 2011). "The testimony of the applicant

2

may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee. . . . Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii). Under these circumstances, a lack of corroboration can be an independent basis for the denial of relief if the agency identifies reasonably available evidence that should have been presented. *See id.*; *Pinel-Gomez v. Garland*, 52 F.4th 523, 529 (2d Cir. 2022). In other words, "an applicant may be generally credible but his testimony may not be sufficient to carry the burden of persuading the fact finder of the accuracy of his claim of crucial facts if he fails to put forth corroboration that should be readily available." *Wei Sun*, 883 F.3d at 28.

Before denying a claim solely on an applicant's failure to provide corroborating evidence, however, the IJ must, either in the decision or otherwise in the record, "(1) point to specific pieces of missing evidence and show that it was reasonably available, (2) give the applicant an opportunity to explain the

3

omission, and (3) assess any explanation given." *Id.* at 31.  Because the noncitizen "bears the ultimate burden of introducing such evidence without prompting from the IJ," we do not "require an IJ to specify the points of testimony that require corroboration . . . *prior* to the IJ's disposition of the . . . claim." *Id.* (quotation marks omitted).  Where the IJ has identified the missing evidence, we may reverse the agency's decision that the applicant has not provided that evidence only if "a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable."  8 U.S.C. § 1252(b)(4); *see Yan Juan Chen*, 658 F.3d at 252–53.

The only issue before us that Li has exhausted and thus preserved for judicial review is the agency's ruling that the letter from Li's cousin was inadequate corroboration.  *See Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023) (observing that issue exhaustion is a "mandatory" requirement where, as here, government seeks dismissal on that ground); *Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004) (requiring "[p]etitioner to raise *issues* to the BIA in order to preserve them for judicial review"(quotation marks omitted)).[1]  However, even

---

[1] Neither the IJ's nor the BIA's decisions specifically referred to two other letters in the record — one from Li's mother describing his religious activities before departing China

4

assuming exhaustion, we find no error in the agency's conclusion that Li failed to meet his burden of proof.

First, the agency did not err in requiring corroboration because (1) Li had the "ultimate burden of introducing such evidence without prompting from the IJ," *Wei Sun*, 883 F.3d at 31 (quotation marks omitted); (2) the IJ could have required corroboration even of credible testimony, *id.* at 28; and (3) the record here supports the IJ's determination that Li's testimony was at times nonresponsive and vague, requiring corroboration.

Second, the IJ identified the missing evidence that could corroborate Li's testimony, specifically, letters or testimony from friends who could attest to his current practice of Christianity. Li's explanations that those individuals either did not want to submit a letter or had to work do not compel the conclusion that the evidence was unavailable. *See* 8 U.S.C. § 1252(b)(4)(B); *Guang Liang Li v. Bd.*

---

and the other from a fellow church member attesting to Li's church attendance in the U.S. But, in his submissions to the BIA, Li challenged only the IJ's determination that his cousin's letter was entitled to little weight. He failed to argue that the other two letters singly or together corroborated his testimony. In any event, we "presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise," *Xiao Ji Chan v. U.S. Dep't of Justice*, 434 F.3d 144, 159 n.13 (2d Cir. 2006), and it was within the agency's discretion to give "little evidentiary weight" to these "unsworn" letters, *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (quotation marks omitted).

5

*of Immigr. Appeals*, 186 F. App'x 38, 39 (2d Cir. 2006) (finding that the petitioner's explanation that potential witnesses were "too busy" to testify failed to compellingly show unavailability (quotation marks omitted)); *cf. Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir. 2005) (requiring, in the credibility context, compelling rather than merely plausible explanation for inconsistencies).

Third, in addition to identifying the missing evidence, the agency did not err in finding that the evidence Li provided was insufficient to corroborate that he was a practitioner and proselytizer of Christianity. It was not error for the IJ to give reduced weight to the letter from Li's cousin attesting to petitioner's church attendance because the cousin had not attended church with him in the two years preceding the hearing. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

Nor do we identify error in the IJ's decision to accord minimal weight to a letter from the church elder because it did not corroborate how frequently Li attended services or the types of church activities in which he participated. *See id.* Further, the IJ did not abuse her discretion in holding that the elder's obligations at the church were insufficient to explain why he could only appear

telephonically despite having received approximately one month's notice of the hearing date. *See* 8 U.S.C. § 1229a(b)(1) (granting the IJ authority over the receipt and examination of evidence); *cf.* Immigr. Ct. Practice Manual, Ch. 4.15(o)(iii) ("[W]itnesses may testify by telephone, at the [IJ]'s discretion.").

In sum, because the record does not compel a conclusion that evidence to corroborate Li's church attendance and other activities was unavailable, or that the IJ erred in affording minimal weight to the corroborating evidence Li did provide, the agency did not err in finding that Li failed to satisfy his burden of proof. *See* 8 U.S.C. §§ 1158(b)(1)(B)(ii), 1252(b)(4)(B); *Wei Sun*, 883 F.3d at 28. That finding is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same factual predicate. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7